IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LeTip World Franchise, LLC, an Arizona limited liability company,<br><br>               Plaintiff,<br>   v.<br><br>Long Island Social Media Group, LLC, a Nevada limited liability company; BxB Professionals, LLC, a New York limited liability company; and Clifford Pfleger and Heather Pfleger, husband and wife; and Saranto Calamas, individually,<br><br>               Defendants. | NO. 2:24-cv-00165-SMB<br><br>**PROPOSED FINDINGS OF FACT & CONCLUSIONS OF LAW BASED ON PRELIMINARY INJUNCTION HEARING: SUBMITTED BY DEFENDANTS** |

Defendants, Long Island Social Media Group, LLC ("LISM"); BxB Professionals, LLC ("BxB"); Clifford Pfleger, Heather Pfleger, and Saranto Calamas (hereinafter referred to collectively as the "Defendants"), submit the following proposed findings of fact and conclusions of law based on the Plaintiff's motion, brought by Order to Show Cause ("OTSC"), including the Preliminary Injunction Hearing held before the Hon. Susan M. Brnovich, USDJ, on February 14, 2024 and February 22, 2024:

<u>**PROPOSED FINDINGS OF FACT**</u>

I. **The Defendants are allowed to immediately compete with LeTip outside of Suffolk County, New York, the area LISM formerly held as a franchise for Plaintiff.**

1.     LISM held the LeTip Franchise, for all LeTip Chapters in Suffolk County, New York, from April 10, 2020, when it signed the Franchise Agreement and the attachments to it, including the Franchise Owner's Agreement (attached to the Franchise Agreement as Ex. C), the Brand Protection Agreement (attached to the Franchise Agreement as Ex. "F") Amendment to Franchise Agreement with Promissory Note (Pl's Ex.1), until LeTip terminated the franchise by letter dated June 12, 2023 (See Ex.1, for Franchise Agreement with attachments. As to termination of franchise including by letter dated June 12, 2023, see Ex.8 Termination Letter).

2.     The Franchise Agreement (Pl's Ex.1), provides that the post-term restrictive covenants allow the Defendants to compete, immediately, against LeTip outside of Suffolk County because the prohibition against owning more than a 5% interest in a competitive business, only applies to, "*a Competitive Business that is located within, or holds meetings for members or business owners from any venue that is located within, the Restricted Territory.*" (Ex. 1 – Franchise Agreement, at Attachment "C", the Franchise Owner Agreement, at attachment "B" at "3. Brand Protection Covenants, (c) Unfair Competition After Relationship) (See also, Franchise Agreement, at "16. Brand Protection Covenants, 16.4 Unfair Competition After Term." See also; Ex.1- Franchise Agreement, at Attachment "F," Brand Protection Agreement, at "5. Unfair Competition After Relationship." See also Testimony of Summer Middleton at Preliminary Injunction Hearing, on Day 1, Feb. 14, 2024, at p.30:18-p.31:4; p.35:5- p.35:15.

3.     Defendant BxB Professionals is located in Nassau County, New York. (See testimony of Clifford Pfleger, Preliminary Injunction Hearing, Day 2, at p.9:17-p.9:25; p.54:11-p.57:12; p.68:24-p.72:11).

4.     Conclusion: Operating BxB Professionals outside of Suffolk County, New York, and not holding meetings for members inside of Suffolk County, New York, does not violate the post-term restrictive covenants.

**II. The Defendants cannot be prevented from competing against LeTip, inside of Suffolk County, New York past the 18-month termination of LISM's LeTip Franchise by LeTip.**

5. The Franchise Agreement, at Attachment "F," the Brand Protection Agreement provides, that the "Restricted Period lasts, at most, for "the eighteen (18) month period after you cease to be an officer, director, employee or independent contractor of Franchisee." See the Franchise Agreement, at Attachment "F," the Brand Protection Agreement, at "2. Definitions" "Restricted Period."

6. LeTip Terminated LISM's Franchise for Suffolk County, New York by letter dated June 12, 2023 and the termination took effect five days later on June 17, 2023. (See testimony of Summer Middleton at Preliminary Injunction Hearing, at Day 1, at p.28:21-p.29:18; and Ex.8- Termination Letter).

7. The Post-Termination Restricted Period therefore can end no later than December 17, 2024.

**III. Plaintiff's Damages As a Result of Defendants' Alleged Unfair Competition/Violation of the Post Termination Restrictive Covenants Can Be Calculated with a Reasonable Degree of Certainty; and Plaintiff has an Adequate Remedy at Law and is not Entitled to an Injunction.**

8. Plaintiff derives the vast majority of its revenue from membership dues. (See testimony of Cliff Pfleger, at Preliminary Injunction Hearing, at Day 2, p.5:9-p.6:6; p.19:23-p.22:4..

9. The number of LeTip members in Suffolk County, New York at the time LISM received the LeTip Franchise, at the time LISM's LeTip Franchise was terminated; and currently, is known, and the number of LeTip Members in Suffolk County, New York

1   at the end of the 18-month Restricted Period is determinable. (See testimony of Summer
2   Middleton at Preliminary Injunction Hearing, at Day 1, at p.35:16-p.35:24).

3       10.    The number of Suffolk County New York LeTip members that is expected
4   at the end of the 18-month Restricted Period, without Defendants' competition in Suffolk
5   County, New York, is determinable. (See testimony of Saranto Calamas, at Preliminary
6   Injunction Hearing, Day 2, at p.84:25-p.86:1.).

7       11.    The number of Suffolk County New York LeTip members that is expected
8   at the end of the 18-month Restricted Period, without Defendants' competition in Suffolk
9   County, New York, compared with the number of Suffolk County LeTip members that
10  exist at the end of the 18-month Restricted Period if Defendants do compete with LeTip in
11  Suffolk County, is quantifiable and will adequately compensate for any damages LeTip
12  may suffer if Defendants are found to have violated the Post-Termination Restrictive
13  Covenants. (See testimony of Saranto Calamas, at Preliminary Injunction Hearing, Day 2,
14  at p.84:25-p.86:1.).

15      12.    **Conclusion**: Plaintiff has an adequate remedy at law and is not entitled to an
16  injunction.

17

18      **IV.**    **Defendants Have Not Competed with LeTip Within Suffolk County,**
19      **New York.**

20

21      13.    Defendants, including BxB Professionals, do not, and have not, had any
22  membership, or Chapters, in Suffolk County, New York of a competing business as that
23  term is defined in the Franchise Agreement (See Ex 1 – the Franchise Agreement. See
24  also testimony of Cliff Pfleger, at Preliminary Injunction Hearing, at Day p.98:25-
25  p.100:7..).

26      14.    Defendants have not run a membership event in Suffolk County New York
27  post-termination of the LISM LeTip Franchise. (See testimony of Cliff Pfleger, at
28  Preliminary Injunction Hearing, Day 2, p.57:5-p.58:6. ).

1 Day 2, p.6:7-p.8:21; and see testimony of Summer Middleton at Preliminary Injunction
2 Hearing, Day 1, at p.66:12-p.69:9.).

3   22.   The Franchise Agreement provides that LeTip may fine LISM after
4 notifying the franchisee of its failure to comply with LeTip's Standards or Procedures but
5 only if the franchisee does not correct the violation within 30 Days. (Ex 1, Franchise
6 Agreement, at "12.10- Failure to Comply with Standards").

7   23.   LeTip did not fine LISM or Clifford Pfleger for the claimed failure to follow
8 LeTip Standards, but instead terminated LISM's LeTip Franchise. (See testimony of Cliff
9 Pfleger, at Preliminary Injunction Hearing, Day 1, at 109:6-p.109:23. See also Ex 8
10 Termination Letter).

11   24.   LeTip, prior to May 3, 2023, did not request the altered LeTip logo be
12 removed from Clifford Pfleger, Saranto Calamas, or LISM . (See testimony of Cliff
13 Pfleger, at Preliminary Injunction Hearing, Day 1, at 109:6-p.109:23.).).

14   25.   LeTip, by Summer Middleton, agreed, on May 3, 2023, to give Clifford
15 Pfleger 30 business days to remove the altered logo from his boat. (See testimony of Cliff
16 Pfleger, at Preliminary Injunction Hearing, Day 1, p.109:9-p.116:18; Day 2, p.53:22-
17 p.54:1).

18   26.   LeTip, by Summer Middleton, on May 3, 2024, directed Clifford Pfleger to
19 remove the altered logo from his social media posts immediately. (See testimony of Cliff
20 Pfleger, at Preliminary Injunction Hearing, Day 1, p.101:9-p.116:18).

21   27.   Clifford Pfleger removed the altered logo from his social media posts within
22 a day. .(See testimony of Summer Middleton at Preliminary Injunction Hearing, at Day 1,
23 at p.84:2-p.84:12;

24   28.   Clifford Pfleger removed the altered logo from his boat within 30 business
25 days from May 3, 2023, as directed by Summer Middleton. . (See testimony of Cliff
26 Pfleger, at Preliminary Injunction Hearing, Day 2, p.51:4-p.51:24).

27   29.   Summer Middleton trespassed onto the private marina where Clifford
28 Pfleger's boat was moored, on June 2, 2023. .(See testimony of Summer Middleton at

Preliminary Injunction Hearing, at Day 1, at p.62:17-p.63:24; p.65:23-p.66:8; and see testimony of Cliff Pfleger, Day 1, p.112:10-p.112:22.

30. Paul Dellavalle trespassed on the private marina where Clifford Pfleger's boat was moored, on June 2, 2023 and June 7, 2023. .(See testimony of Summer Middleton at Preliminary Injunction Hearing, at Day 1, at p.62:17-p.63:24; p.65:23-p.66:8; and see testimony of Cliff Pfleger, Day 1, p.112:10-p.112:22.

31. The LeTip Identity Guidelines do not apply to Defendants but only apply to LeTip Chapters and not to a franchisee, such as LISM. (See Ex. 27, LeTip Identity Guidelines 2021, including beginning at p.13, "LICENSE AGREEMENT;" including "License Agreement;" Article I Recitals;" Article II Mark to be provided by LETIP;" "Article III Obligations of CHAPTER for License;" "Article IV Miscellaneous;" including "Section 4.02 REPRESENTATION OF COUNSEL;" "Section 4.05 Successors and Assigns;" "Section 4.09 Entire Agreement;" and signature section.

## CONCLUSIONS OF LAW

**I.    The Applicable Standards for the Issuance of a Preliminary Injunction.**

32. Rule 65 of the Federal Rules of Civil Procedure requires that a party may seek injunctive relief if it believes it will suffer irreparable harm during the pendency of an action. Fed. R. Civ. P. 65.

33. A plaintiff seeking a preliminary injunction must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm without an injunction; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. Winter v. Nat. Res. Def Council, Inc., 555 U .S. 7,20 (2008). "But if a plaintiff can only show that there are `serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the `balance of hardships tips sharply in the plaintiff's favor,' and the other two Winter factors are satisfied." Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this "serious

questions" variant of the Winter test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." Lopez, 680 F.3d at 1072.

**II.     LeTip is Not Likely to Succeed on the Merits**

**III.    The Post Termination Restrictive Covenants are Not Enforceable because they are too broad in scope, and their duration is self-contradictory within the Franchise Agreement and therefore should be read against the drafter, LeTip.**

**IV.    LeTip is Not Likely to Succeed on its claims, including for Breach of Contract, because it Breached the Contract Before the Termination and in Terminating the Franchise.**

**V.     LeTip Will Not Suffer Irreparable Injury because it has an Adequate Remedy at law should it prevail on its claims because money damages can make it whole.**

**VI.    The Balance of the Hardships Weighs Against LeTip and in Favor of Defendants.**

**VII. LeTip is not entitled to Equitable Relief because of its unclean hands.**

## CONCLUSION

For the foregoing reasons, and good cause appearing,

**IT IS HEREBY ORDERED** Plaintiff's Motion for Preliminary Injunction (Doc. 7), is denied.

RESPECTFULLY SUBMITTED this 11th day of March, 2024.

The Law Firm of Grasing & Assoc. P.C.

99 Smithtown Blvd., Smithtown, NY 11787

By: _____

Raymond R. Grasing,

*Attorneys for all Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants.

_____

Raymond R. Grasing