**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LeTip World Franchise LLC, | No. CV-24-00165-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Long Island Social Media Group LLC, et al., | |
| Defendants. | |

The parties seek significant extensions to certain case management deadlines. (Doc. 140.) The parties explain they chose to complete only "some discovery prior to the September 12 ruling on the Second Motion to Dismiss" because they concluded "[i]t would have been premature, and inefficient, to engage in discovery on the counterclaims" before the court resolved the motion to dismiss. (Doc. 140 at 3-4.) The parties claim they were planning to seek the extensions earlier, but they were busy or distracted. The parties effectively admit they knew as of September 12, 2025, that extensions of deadlines would be needed but chose to wait until all deadlines had expired and the court issued an order requiring the parties act. Such behavior does not show diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [party seeking modification of scheduling order] was not diligent, the inquiry should end.").

The court's general practice is to require the filing of dispositive motions no later than two years after a case was filed. This case was filed on January 23, 2024, and the claims are straightforward. (Doc. 1.) All discovery on the main claims should have been completed months ago and the remaining counterclaim—which the court permitted to

proceed in September—will not require extensive discovery. Therefore, requiring dispositive motions as close as possible to the two-year mark is appropriate. But the court allows for a slight extension in this case so the parties can complete discovery they believe is crucial. These deadlines will not be extended again absent extraordinary circumstances. None of the circumstances counsel list in their current stipulation would qualify as extraordinary, and nor will settlement discussions.

**IT IS ORDERED** the Stipulation (Doc. 140 is **GRANTED IN PART**. The following deadlines apply:

- Fact discovery shall be completed no later than **February 6, 2026**.
- The party with the burden of proof on an issue shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **January 12, 2026**.
- The responding party (not having the burden of proof on the issue) shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **January 23, 2026**.
- The party with the burden of proof on the issue shall make its rebuttal expert disclosures, if any, no later than **January 30, 2026**. Rebuttal experts shall be limited to responding to opinions stated by the opposing party's experts.
- Expert depositions shall be completed no later than **February 6, 2026**. All expert depositions shall be scheduled to commence at least five working days before this deadline.
- Dispositive motions shall be filed no later than **February 18, 2026**.
- All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **February 9, 2026**.

/
/
/
/

- Plaintiff shall file notice of trial readiness no later than **February 25, 2026**, if no dispositive motions are pending on that date. If dispositive motions are pending, plaintiff shall file and serve such notice within seven days after the resolution of the dispositive motions.

Dated this 31st day of December, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge